IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LORETTA MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 3:10-cv-185-G** |
| | ) |
| **AURORA LOAN SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Aurora Loan Services, LLC's ("Defendant's") "Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), or Alternatively to Transfer Venue" ("Motion"),

which has been referred to this Court. The Court has reviewed the Motion and Brief in Support and

the applicable law. The Motion was filed on March 23, 2010. Plaintiff has not responded within

twenty-one days, so the Court may consider the Motion. *See* Local Rule 7.1.

## BACKGROUND

Defendant argues that venue is not proper because Defendant Corporation does not reside

in Texas,[1] none of the alleged events giving rise to the cause of action occurred in Texas, none of

the property at issue is located in Texas, and Plaintiff does not reside in Texas. [Pl.'s Br. at 4.]

Rather, Plaintiff and the property at issue are located in the Northern District of Illinois, and the

---

[1]Defendant, in stating that it does not reside in the Northen District of Texas, stated that it
is incorporated in Delaware and maintains its principal place of business in Colorado. In so stating,
Defendant appears to confuse domicile (used in determining diversity of parties) with residency
(used to determine venue). For venue purposes, a corporation resides wherever it is subject to
personal jurisdiction. 28 U.S.C. § 1391(c). However, except for the waiver created by not contesting
personal jurisdiction in this motion, no facts that establish jurisdiction over Defendant been
presented to the Court.

events creating the cause of action occurred in the Northern District of Illinois.  Plaintiff has not

responded, and nothing in the Plaintiff's Complaint contradicts Defendant's assertions.  Therefore,

the Court accepts as true Defendant's facts as to venue.

## ANALYSIS

When a defendant raises an issue of improper venue, the plaintiff has the burden to prove that

venue is proper.  *See, e.g., Tracfone Wirleless, Inc. v. Carson*, No. 3:07-cv-1761-G, 2008 WL

4107584 (N.D. Tex. Aug. 28, 2008) (Fish, J.).  In ruling on a motion for transfer of venue, the Court

should consider numerous public and private factors. *See In re Volkswagen AG*, 371 F.3d 201, 203

(5th Cir. 2004).  Under the factors enumerated in *In re Volkswagen*, the Northern District of Texas

is an improper venue for this case.

When venue is improper, courts have discretion to transfer venue or to dismiss.  *Caldwell*

*v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).  Defendant argues that this case

should be dismissed rather than transferred, because Plaintiff has failed to state a claim.  However,

none of the pleading defects on which Defendant's motion relies are incurable, and dismissal would

be inappropriate in this Circuit.  Fed. R. Civ. P. 15(a)(2) (leave to amend should be given freely);

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (motions to dismiss are

viewed with disfavor).  The Court finds that the interests of justice weigh in favor of tranferring

venue to the Northern District of Illinois.

## <u>RECOMMENDATION</u>

For the foregoing reasons, the Court **RECOMMENDS** that this case be transferred to the

Northern District of Illinois.

**SIGNED, April 21**, 2010.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).